UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTONIO L. O'BANNON                                                                      PLAINTIFF

v.                                      CIVIL ACTION NO. 3:22-CV-P404-GNS

LOUISVILLE METRO GOVERNMENT *et al.*                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff Antonio L. O'Bannon was formerly incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections ("LMDC"). As Defendants in this action, he names the Louisville Metro Government ("Louisville Metro") and LMDC Officers A. Bland and K. Owen. Plaintiff sues Defendants Bland and Owen in their individual capacities only.

Plaintiff makes the following allegations:

On 4-8-22 at 8:30 am between 9:00 am First Shift in Dorm 8 3rd floor cell 3 # [] [Officers . . . Bland and Owen] came into my cell and told me to sit on the bunk bed. I did so no problems. They then put chains and shackles on me tight, so tight it caused pain in my legs. Once I did so I was on my feet Officer [] Bland started chocking me cutting off my air, causing pain to my neck, I asked Officers to put on body cams they refused and dragged me in the day room and ran my head into the elevator door several times. This caused me to black out. I also peed/feces on myself, once the door came open on the elevator both Officers continued assaulting me, throwing punches, causing pain in my face and body. They also sprayed me with mace in my eyes and face, this caused me to go unconscious and black out. Officers still beat me. Then more officers came to assault me. My back was in pain, sharp pains in my neck and face, and pains in my ribs. I asked for medical and was denied. I was forced to lay in pain with no help and aid. My eyes turned black also. LMDC Jail and two [] Officers violated my rights. . . . . LMDC Jail allows officers to conduct in improper ways, Officers attacked me due to my race. . . . .

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant LMDC Officers Bland and Owen

Upon review, the Court will allow Fourteenth Amendment claims to proceed against Defendants Bland and Owen in their individual capacities for excessive force and denial of medical care.[1] In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

As to Plaintiff's assertion that Defendants Bland and Owen "attacked me due to my race," the Court finds that this allegation fails to state a claim upon which relief may be granted. The Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. "The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any

---

[1] The Fourteenth Amendment protects pretrial detainees under a framework that is similar to that of the Eighth Amendment, which applies to convicted prisoners. *See Burwell v. City of Lansing*, 7 F.4th 456, 463 (6th Cir. 2021).

3

y

rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). Here, Plaintiff alleges that Defendants discriminated against him based upon his membership in a protected class – his race (although he does not specify what his race is). "To succeed on such a claim, [a plaintiff] must adequately allege two threshold elements: (1) that the state 'treated the plaintiff disparately as compared to similarly situated persons'; and (2) that 'such disparate treatment . . . targets a suspect class.'" *Reynolds v. Szczesniak*, No. 21-2732, 2022 U.S. App. LEXIS 23215, at *20 (6th Cir. Aug. 18, 2022) (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)).

In the instant case, Plaintiff's claim fails because he does not plead any facts to support his assertion that he was treated differently than an inmate of another race would have been treated in his situation. Bare assertions and conclusory allegations "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. The pleading standards of *Iqbal* and *Twombly* require supporting details before the pleadings are taken as truth. *Id*. at 681; *see also Reynolds*, 2022 U.S. App. LEXIS 23215 at *22 ("Conclusory allegations that a hypothetical Caucasian comparator would have received more favorable treatment are not entitled to an assumption of truth. *Iqbal* and *Twombly's* pleading standards require more.").

Thus, the Court concludes that Plaintiff's equal-protection claim must be dismissed for failure to state a claim upon which relief may be granted.

**B. Defendant Louisville Metro**

Plaintiff's claim against the Louisville Metro Government seems to be based upon his allegation that "LMDC Jail allows officers to conduct in improper ways."

When a § 1983 claim is made against a municipality, such as Louisville Metro, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional

violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). As to the second component, "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978). Indeed, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*. To state a claim, a plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

> A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). "A municipality 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'" *Id*. (quoting *Monell*, 436 U.S. at 694).

The Court construes Plaintiff's vague allegation that "LMDC allows officers to conduct in improper ways" as alleging a custom of tolerance or acquiescence on behalf of Louisville Metro.

5

Showing a custom of tolerance of or acquiescence to federal rights violations requires "(1) a clear and persistent pattern of misconduct, (2) notice or constructive notice on the part of the municipality, (3) the defendant's tacit approval of the misconduct, and (4) a direct causal link to the violations." *Nouri v. Cnty. of Oakland*, 615 F. App'x 291, 296 (6th Cir. 2015) (internal quotation marks omitted); *see Burgess*, 735 F.3d at 478 ("A custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims."). Plaintiff fails to make this showing. His allegations pertain to one isolated incident and in no way suggest a clear and persistent pattern of similar misconduct.

Thus, the Court will dismiss Plaintiff's claim against Defendant Louisville Metro for failure to state a claim upon which relief may be granted.

IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's equal-protection claims against Defendants Bland and Owen in their individual capacities and his claim against Defendant Louisville Metro are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claim remains against it, the **Clerk of Court is DIRECTED to terminate Louisville Metro Government as a party to this action**.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: November 30, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Jefferson County Attorney
4416.011